# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alexandrina Atanassova and David Pendergast, individually and as parents and natural guardians of S.P., a minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>General Motors LLC,<br><br>*Defendant*. | Civil Action No. 2:20-cv-01728-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant's unopposed motion to compel (Dkt. No. 50). For the reasons set forth below, the Court grants the motion.

### **Background**

On September 28, 2020, Defendant served its First Set of Requests for Production (the "RFP") on Plaintiffs. Various requests sought copies of records related to Plaintiffs' storage of the subject vehicle.[1] (Dkt. No. 50 at 1). For example, Request 22 sought "copies of all records related to storage of the subject vehicle from the date of the incident to present, including any bills, invoices or statements relating to fees charged for storage of the subject vehicle." Further, "Request 12 sought copies of photographs and video footage taken of the subject vehicle and the scene of the incident in this case, Request 13 sought copies of maintenance, modification, and alteration records dealing with the subject vehicle, and Request 19 sought copies of reports or

---

[1] By way of background, this is a products liability case arising out of a fuel-fed fire that consumed the Plaintiffs' 2007 Silverado C1500 crew cab truck (the "subject vehicle"). Plaintiffs allege that the vehicle fire occurred on June 27, 2018 and was not precipitated by a collision. Plaintiffs allege the fire originated in the undercarriage area where the vehicle's fuel storage tank and its fuel supply components were located. Plaintiffs allege they were seriously injured in the fire.

1

statements related to the incident." (*Id.*).

On November 6, 2020, Plaintiffs served Defendant their responses to the RFP. In response to Request No. 22, for example, Plaintiffs produced only chain of custody forms. *See* (Dkt. No. 50-3).

Defendant argues that Plaintiffs' responses are incomplete. Namely, Defendant states that "[d]uring its subsequent investigation, Counsel for GM LLC contacted the towing and storage facilities listed in the chain of custody forms—Lawson's Towing and All Time Roadside Services & Assistance, LLC. Each of the listed companies indicated they had corresponded with Plaintiffs' counsel regarding pictures of the vehicle and other documents related to the vehicle. A review of Plaintiffs' production, however, indicates that Plaintiffs did not produce any such correspondence, pictures, or documents." (Dkt. No. 50 at 2).

On January 19, 2021, Defendant filed this motion to compel. (Dkt. No. 50). Defendant asks that the Court order Plaintiffs supplement their discovery responses to cure the deficiencies described above.

Plaintiffs did not respond to Defendant's motion.

### Legal Standard/Analysis

Pursuant to Fed. R. Civ. P. 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Court grants Defendant's motion. As shown above, Plaintiffs' responses to the RFP's

Request Nos. 12, 13, 19 and 22 are incomplete. Namely, as Defendants have shown, Plaintiffs' production does not include documents related to Plaintiffs' correspondence with Lawson's Towing and All Time Roadside Services & Assistance, LLC. Plaintiffs must therefore supplement their responses by producing all documents related to the storage and transport of the subject vehicle from the time of the incident to the present.

## Conclusion

For the reasons stated above, the Court **GRANTS** Defendant's motion to compel. (Dkt. No. 50). As detailed above, Plaintiffs are **DIRECTED** to produce all documents responsive to Defendant's RFP Request Nos. 12, 13, 19 and 22 within **ten (10) days** of this Order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

February 12, 2021
Charleston, South Carolina

3