# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alexandrina Atanassova and David Pendergast, individually and as parents and natural guardians of S.P., a minor,<br><br>  Plaintiffs,<br><br>  v.<br><br>General Motors LLC,<br><br>  Defendant. | Civil Action No. 2:20-1728<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' motion in limine. (Dkt. No. 155.) At this time, the Court only addresses the motion as it relates to the "documents from National Tire & Battery that reference brake fluid in the rear hydraulics of a vehicle" ("NTB documents").[1] (*Id.* at 7-9). For the reasons set forth below, Plaintiffs' motion is denied as it relates to the NTB documents.

**I.   Background**

This is a products liability case arising out of a fuel-fed fire that consumed Plaintiffs' 2007 Silverado C1500 crew cab truck (the "2007 Silverado"). Plaintiffs allege that the vehicle fire was not precipitated by a collision. Plaintiffs allege the fire originated in the undercarriage area where the 2007 Silverado's fuel storage tank and its fuel supply components—including an EVAP Canister—were located. Plaintiffs allege that the EVAP Canister was unprotected from road debris, such as rocks and pebbles, and may have been struck by such debris, precipitating the fire that consumed the 2007 Silverado.

---

[1] The Court will address Plaintiffs' remaining motions in limine at the pretrial conference.

Plaintiffs argue that page 3 of the NTB documents "is not properly authenticated" under FED. R. EVID. 901(b)(1) and "is also hearsay under [Rule] 801(c)." (Dkt. No. 155 at 7-8). Because "GM testified in reliance on the inadmissible NTB hearsay-containing document in question," "Plaintiffs request that the Court strike this evidence and any testimony relying upon it for all purposes." (*Id.* at 8-9).

Plaintiffs argue that while "portions of [the NTB documents] have been authenticated through the deposition of David Pendergast, one page in particular has not – and . . . cannot be authenticated." (Dkt. No. 85 at 2). Although GM attempted to authenticate all of the NTB documents, Plaintiffs argue, the "unsworn declaration under penalty of perjury" is "factually incorrect," which "call[s] everything about it into question – most especially the authenticity of the document." (*Id.* at 3). Plaintiffs point out that the authenticating declaration states there are three pages attached – even though there are five. (*Id.*). Plaintiffs also point out that page three has "no identifying information on it – either Plaintiffs' name, customer name, [or] subject vehicle VIN." (*Id.*). Based on these facts, Plaintiffs argue that page 3 of the NTB documents "cannot be presented in an admissible form and must be stricken for all purposes." (*Id.* at 4).

Plaintiffs also argue that the NTB document is "an out of court statement being used by GM to prove the truth of the matter" and is not admissible "as a record of regularly conducted business." (*Id.* at 4). Plaintiffs argue that the NTB document fails under FED. R. EVID. 803(6)(D)-(E) because of the factual error in the unsworn declaration and the alleged inconsistency on page 3 of the NTB documents, which in turn calls into question the trustworthiness of the document. (*Id.* at 4).

II. **Legal Standard**

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

### III. Discussion

Federal Rule of Evidence 803(6) provides that records of a regularly conducted activity are excepted from the rule against hearsay if five criteria are established:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permit-ting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

When reports and documents are "prepared in the ordinary course of business" they are "generally presumed to be reliable and trustworthy" because (1) "businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful" and (2) "routine and habitual patterns of creation lend reliability to business records." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204-05 (4th Cir. 2000). The hallmark of untrustworthiness, on the other hand, is when "a report is prepared in the anticipation of litigation because the document is not for the systematic conduct and operations of the enterprise but for the primary purpose of litigating." *Id.*

The Court finds that the NTB documents fall squarely within the criteria of a record of a regularly conducted activity. *See Ortega v. BMW of North America, LLC*, 2019 WL 9044692, at *2 (C.D. Cal. Oct. 16, 2019) (finding vehicle "repair orders" were business records). The Court finds no facts that suggest that the "source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *See* FED. R. EVID. 803(6)(E). The NTB documents appear to be normal vehicle maintenance documents that are, as Defendant recognizes, "signed by Plaintiff David Pendergast." (Dkt. No. 175 at 24). Under 803(6)(E), the burden is on Plaintiffs to "show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Plaintiffs' argument that the declaration and the NTB documents are not trustworthy are based on minor criticisms. Essentially, Plaintiffs argue that the declaration and the vehicle inspection report are not infallible; however, 803(6)(E) does not require infallibility. *See U.S. v. Smith*, 804 F.3d 724, 730 (6th Cir. 2015) (emphasizing that "a challenge to the accuracy or completeness of a record goes to its weight, not its admissibility" under 803(6)). For example, Plaintiffs do not argue that, as they cannot, that the NTB documents were prepared abnormally or in anticipation of litigation. Instead, Plaintiffs argue that there are five pages contained in the NTB

documents instead of three and that Plaintiffs' identifying information, while on other pages, is not on the page Plaintiffs seek to exclude. These arguments fall short of demonstrating "a lack of trustworthiness." *See* FED. R. EVID. 803(6)(E).

On the whole, the NTB documents have the imprimatur of a satisfactory record of a regularly conducted activity under FED. R. EVID. 803(6). Therefore, the NTB documents are excepted under 803(6). Accordingly, the Court denies "Plaintiffs request that the Court strike [the] evidence and any testimony relying upon it." *See* (Dkt. No. 155 at 9).

## IV. Conclusion

For the foregoing reasons, as to the NTB documents, Plaintiffs' motion in limine (Dkt. No. 155) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 28, 2023
Charleston, South Carolina