IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alexandrina Atanassova and David Pendergast, individually and as parents and natural guardians of S.P., a minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>General Motors LLC,<br><br>*Defendant*. | Civil Action No. 2:20-cv-01728-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Defendant's motion to (1) obtain supplemental damages-related discovery from Plaintiffs and their medical providers regarding treatment conducted (and opinions formed, as applicable) after the close of discovery and (2) arrange for Plaintiffs' counsel and their experts to inspect Defendant's demonstrative built-up component ("BUC") and an exemplar Chevrolet Silverado with aftermarket dual exhaust (Dkt. No. 269). For the reasons set forth below, the Court rules as follows.

This is a products liability case arising out of a fuel-fed fire that consumed the Plaintiffs' 2007 Silverado C1500 crew cab truck (the "2007 Silverado"). Plaintiffs allege that the vehicle fire was not precipitated by a collision. Plaintiffs allege the fire originated in the undercarriage area where the subject vehicle's fuel storage tank and its fuel supply components—including an "EVAP Canister"—were located. Plaintiffs allege that the EVAP Canister was unprotected from road debris, such as rocks and pebbles, and may have been struck by such debris, precipitating the fire that consumed the 2007 Silverado. Plaintiffs Alexandrina Atanassova and David Pendergast were injured in the fire, as was their then 3-year-old daughter S.P.

Following a six-day trial in April 2023, the Court declared a mistrial. (Dkt. No. 262).

1

Retrial of this matter is scheduled for August 21, 2023.

Plaintiffs oppose the instant motion regarding the BUC and the exemplar Silverado, but "do not object to GM obtaining discovery regarding medical records and photos of S.P.'s injuries and healing process." (Dkt. No. 271 at 1). Accordingly, Defendant's motion is **GRANTED** as to the requested supplemental discovery.

The Court previously ruled that the BUC could not be used during trial because Plaintiffs had not been provided adequate notice of Defendant's intention to use the BUC. (Dkt. No. 271-2 at 3; Dkt. No. 238 at 79-80). The record shows that Defendant was designing the model in 2021 but did not disclose the model to Plaintiffs until shortly before trial. (Dkt. No. 271-2 at 3). On April 10, 2023, the day before jury selection and the commencement of trial, Plaintiffs' counsel stated that "this is the first time we have had a chance to see this mockup. Our experts haven't had a chance to look at it." (Dkt. No. 271-1 at 9). The Court sustained the objection of Plaintiffs to the use of the demonstrative exhibit at trial because of its late disclosure by Defendant. (Dkt. No. 271-2 at 4-5).

Defendant now moves to be permitted to allow Plaintiffs to examine the BUC "to cure any claim of prejudice from Plaintiffs" and an exemplar Silverado with aftermarket dual exhaust installed. (Dkt. No. 269 at 1, 9).[1] Plaintiffs oppose the motion, putting forth a variety of arguments, none of which are convincing.

Plaintiffs argue that the Court excluded the BUC because it is misleading. Plaintiffs

---

[1] Defendant notes, (Dkt. No. 269 at 5 & n.2), that the exemplar Silverado with aftermarket dual exhaust was listed on its original trial exhibit disclosures but never introduced at trial. Plaintiffs do not dispute this, (Dkt. No. 271 at 7 n.2), and object only on the basis that admission or use of the exemplar with dual exhaust at trial would be "misleading." At this moment, however, the Court does not rule on the ultimate admissibility of the BUC or exemplar Silverado with aftermarket dual exhaust.

2

misstate the record—the BUC was excluded because Defendant's late disclosure of the BUC prejudiced Plaintiffs. (Dkt. No.271-1 at 12) ("Here is my take of it, at this point. I feel like putting in this demonstrative exhibit on the day before trial without disclosing it to Plaintiff . . . is unfair. It is delayed, it is unfair, and I am not going to allow it.").

To the extent Plaintiffs now claim that it is "not feasible" for Plaintiffs' experts to examine the BUC before July 20, 2023 or otherwise before trial, Plaintiffs' argument rests on the fact that two of Plaintiffs' attorneys have a trial beginning in Texas on July 17, 2023. (Dkt. No. 271 at 8). Plaintiffs have seven attorneys of record in this matter. Thus, the argument Plaintiffs' counsel and its experts cannot timely examine the BUC rings hollow.

Finally, contrary to Plaintiffs' assertion otherwise, the case law does permit the Court to ultimately reconsider its prior ruling excluding the BUC.[2] "The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) (citations omitted). Under this doctrine "a legal decision, once made, should ordinarily remain the law throughout the life of the case." *Chase v. Dep't of Pub. Safety and Corr. Servs.*, Civ. No. ELH-18-182, 2020 WL 1914811, at *10 (D. Md. Apr. 20, 2020). The doctrine "bar[s] a party from resurrecting issues that were previously decided or decided by necessary implication." *Id.* at *11 (citations omitted). When a trial court applies the law-of-the-case doctrine to its own rulings, the doctrine operates not as an "inexorable command" however but rather as a "flexible tool of judicial administration," *id.* at *13, that permits a court to balance the competing

---

[2] As noted *supra*, at this time the Court takes no stance on the ultimate admissibility of or use at trial of the BUC or exemplar Silverado with aftermarket dual exhaust. Instead, the Court rules only on Defendant's request for modification of the scheduling order in this matter. The Court construes Plaintiffs' opposition therefore as arguing that amendment is futile, an argument which, as detailed herein, the Court rejects.

3

"'interests of correctness and finality,'" *id.* at *10 (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). Here, the Court declines to apply the law of the case doctrine to prevent limited amendment of the scheduling order. *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 398 n.1 (4th Cir. 1995) (noting that "the law of the case doctrine is discretionary and not mandatory"). Applying the law of the case doctrine under the circumstance here would not further its purpose, given the ample notice Plaintiffs have had of Defendant's intentions to use the BUC and the fact the doctrine "poses no bar to the assessment of past holdings based on a different procedural posture." *See Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019); *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 290 n.3 (4th Cir. 1982) (noting that the "law of the case" doctrine is not "a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances"); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) ("Assuming, without deciding, that the law of the case doctrine even applies to mere evidentiary rulings in a second trial of the same case, *but see United States v. Akers,* 702 F.2d 1145, 1147–48 (D.C.Cir.1983) (holding that the doctrine does not apply in such circumstances), we find no abuse of discretion in the district court's modification of its earlier rulings. The law of the case doctrine is, 'at best, a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.'"); *Id.* (further finding that because defendant had sufficient notice of "the changed rulings" there was "no abuse of discretion in the court's decision to reconsider" certain evidentiary rulings from the first trial); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

liabilities.").

For the reasons stated above, the Court **GRANTS** Defendant's motion for limited adjustments to the scheduling order in advance of retrial. (Dkt. No. 269). Defendant shall make the BUC and exemplar Silverado with aftermarket dual exhaust immediately available for Plaintiffs' inspection. Plaintiffs' counsel would be well advised to promptly arrange for proper inspections of the proposed demonstrative exhibits. The Court will address the use of the demonstrative exhibits at trial if Plaintiffs assert objections following their inspections.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

July 11, 2023
Charleston, South Carolina